**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEBRASKA**

| | | |
|---|---|---|
| **LISA M. VACEK,** | ) | **CASE NO. 4:14CV3000** |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| **STATE OF NEBRASKA, and THE** | ) | |
| **STATE OF NEBRASKA DEPARTMENT** | ) | |
| **OF CORRECTIONAL SERVICES,** | ) | |
| | ) | |
| **Defendants.** | ) | |

This matter is before the Court on the Defendants' Motion for Summary Judgment (Filing No. 23), Motion to Strike (Filing No. 29), and Motion in Limine (Filing No. 33). For the reasons discussed below, the Motion for Summary Judgment will be granted, and the Motion to Strike and Motion in Limine will be denied as moot.

## FACTS

Defendants' brief in support of their Motion for Summary Judgment (Filing No. 24) contains a statement of material facts with pinpoint citations to the evidentiary record (Filing No. 25) in compliance with NECivR 56.1(a). Plaintiff's brief (Filing No. 28) does not comply with NECivR 56(b[1]), and the properly referenced material facts in the Defendants' brief are deemed admitted. The following is a summary of the facts the Court considers material to the disposition of the pending Motion for Summary Judgment.

---

[1] NECivR 56.1(b)(1) provides:

The party opposing a motion for summary judgment shall include in its brief a concise response to the moving party's statement of material facts. The response shall address each numbered paragraph in the movant's statement and, in the case of any disagreement, contain pinpoint references to affidavits, pleadings, discovery responses, deposition testimony (by page and line), or other materials upon which the opposing party relies. **Properly referenced material facts in the movant's statement will be deemed admitted unless controverted by the opposing party's response**. (Emphasis in original.)

The Nebraska Department of Correctional Services ("DCS") is an agency of the Defendant State of Nebraska ("State") that maintains custody of persons in correctional institutions.  Plaintiff Lisa Vacek ("Vacek") was employed by DCS from October 28, 2012 until April 11, 2013, assigned to the DCS Community Correctional Center in Omaha, Nebraska ("CCCO"), as a Corrections Unit Caseworker.  As a new employee, her first six months on the job constituted a probationary period of employment.  The six-month probationary period of employment was a requirement of the labor contract between the State and the Nebraska Association of Public Employees that governed Vacek's employment.  (Filing No. 25-4 at ECF 25, article 8.1.)  That contract provided:  "Employees may be separated at any time during the original probationary period. . . . Employees on original probation do not have grievance rights."  (*Id*. at ECF 25, article 8.5.)

On October 29, 2012, Vacek acknowledged receipt of the DCS Employee Handbook and DCS Administrative Regulations, and acknowledged that she understood discipline could be imposed for violations of the Handbook or Regulations.  The Handbook provided: "No employee should carry any prescription medication into the facility/program unless there is a need for the medication at work.  Medication needs to be cleared through the Custody Officer Supervisor."  (Filing No. 25-3 at ECF 8.)  The Handbook also provided: "Sick leave is a conditional leave subject to the employee being ill . . . Requests require supervisory approval on the appropriate form."  (*Id*. at ECF 10.)   DCS Administrative Regulation 112.41 provided that "an employee may not use . . . sick . . . leave unless authorized by a supervisor." (Filing No. 25-17 at ECF 57.)  The Handbook further provided: "Employees who are assigned to posts or duty assignments that involve the supervision of inmates shall not leave the post or duty assignment until they are properly relieved or

2

have proper authorization.  Employees are expected to remain on duty on the entire shift or work assignment unless properly authorized to leave that shift or assignment."  (Filing No. 25-3 at ECF 12.)

On November 9, 2012, Vacek was in a training class at DCS when a Training Specialist conducted a physical search of the students.  While waiting her turn to be searched, Vacek asked another trainee to hold her pills.  Vacek was confronted by her classmates.  The Training Specialist examined the pills and noted they were loose, unwrapped pills of more than one variety.  On November 14, 2012, a DCS Training and Development Manager interviewed Vacek about the incident.  At that time, Vacek had with her a prescription bottle with several other types of pills, though not the types observed on November 9, 2012.  As a result of the incidents, the Training Specialist issued a Corrective Counseling Log, noting concerns about Vacek's character and her choice to hide the pills on November 9, 2012.  Vacek signed the log, documenting the incident.

Vacek's supervisors at CCCO noted that her job performance was not satisfactory, and that she had difficulty learning specific job duties and grasping facility procedures.  The supervisors met with Vacek to discuss her job performance and adjustment.  On April 10, 2013, one of Vacek's supervisors met with Vacek and one of Vacek's co-workers to discuss their workplace interactions.  During the meeting, Vacek told the supervisor that she was going home "sick" for the rest of the day.  Vacek did not request permission to leave, but simply walked out of the meeting and left the building before the scheduled end of her eight-hour shift.  Vacek's absence left the facility short-handed, and her supervisor had to fill in for her.

On April 11, 2013, Vacek returned to CCCO and received a termination letter from the Assistant Warden, signed by the Warden.  The letter informed Vacek that she was being terminated based on two incidents, *i.e.*, her attempt to circumvent a search by passing medication to another employee, and her departure from the facility on April 10, 2013, without being relieved from her post.

## STANDARD OF REVIEW

"Summary judgment is appropriate when, construing the evidence most favorably to the nonmoving party, there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law." *Crozier v. Wint,* 736 F.3d 1134, 1136 (8th Cir. 2013) (citing Fed. R. Civ. P. 56(c)). "Summary Judgment is not disfavored and is designed for every action." *Briscoe v. Cnty. of St. Louis*, 690 F.3d 1004, 1011 n.2 (8th Cir. 2012) (quoting *Torgerson v. City of Rochester*, 643 F.3d 1031, 1042 (8th Cir. 2011) (en banc) *cert. denied*, 132 S.Ct. 513 (2011)) (internal quotations omitted). In reviewing a motion for summary judgment, the court will view "all facts and mak[e] all reasonable inferences favorable to the nonmovant." *Gen. Mills Operations, LLC v. Five Star Custom Foods, Ltd.,* 703 F.3d 1104, 1107 (8th Cir. 2013). "[W]here the nonmoving party will bear the burden of proof at trial on a dispositive issue . . . Rule 56(e) permits a proper summary judgment motion to be opposed by any of the kinds of evidentiary materials listed in Rule 56(c), except the mere pleadings themselves."  *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986). The moving party need not negate the nonmoving party's claims by showing "the absence of a genuine issue of material fact." *Id*. at 325. Instead, "the burden on the moving party may be discharged by 'showing' . . . that there is an absence of evidence to support the nonmoving party's case."  *Id.*

4

In response to the movant's showing, the nonmoving party's burden is to produce specific facts demonstrating "'a genuine issue of material fact' such that [its] claim should proceed to trial." *Nitro Distrib., Inc. v. Alticor, Inc.*, 565 F.3d 417, 422 (8th Cir. 2009) (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986)). The nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts, and must come forward with specific facts showing that there is a genuine issue for trial." *Briscoe,* 690 F.3d at 1011 (quoting *Torgerson*, 643 F.3d at 1042) (internal quotations omitted). "'[T]he mere existence of some alleged factual dispute between the parties'" will not defeat an otherwise properly supported motion for summary judgment. *Quinn v. St. Louis Cty.*, 653 F.3d 745, 751 (8th Cir. 2011) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986)).

In other words, in deciding "a motion for summary judgment, facts must be viewed in the light most favorable to the nonmoving party only if there is a genuine dispute as to those facts." *Guimaraes v. SuperValu, Inc.*, 674 F.3d 962, 972 (8th Cir. 2012) (quoting *Torgerson*, 643 F.3d at 1042) (internal quotations omitted). Otherwise, where the Court finds that "the record taken as a whole could not lead a rational trier of fact to find for the non-moving party," there is no "genuine issue for trial" and summary judgment is appropriate. *Torgerson*, 643 F.3d at 1042 (quoting *Ricci v. DeStefano*, 557 U.S. 557, 586 (2009)) (internal quotations omitted).

## DISCUSSION

Vacek alleges that she was wrongfully discharged.  (Complaint, Filing No. 1-1 ¶4.) Liberally construed, her first claim (*id.* ¶¶3, 7-10) appears to assert that she was terminated

5

due to her sex and age[2], in violation of Title VII of the Civil Rights Act of 1964, as amended (42 U.S.C. § 2000e *et seq*.) and the Nebraska Fair Employment Practice Act, Neb. Rev. Stat. § 48-1104 *et seq*. ("NFEPA").  Her second claim (Filing No. 1 at ECF 3, 5-7 ¶¶3, 11-18) alleges that she was discharged in violation of oral or written contracts.  (*Id.* at ECF 5 ¶15.)

Although an introductory paragraph in Vacek's Complaint (Filing No. 1 at ECF 3 ¶3) makes reference to "hostile work environment, workplace incivility, sexual harassment, and retaliation," neither in her Complaint nor in her response to the Defendants' Motion for Summary Judgment does Vacek allege facts in support of such allegations. Accordingly, the Court concludes that any such claims are not plausible or have been abandoned. Vacek's claims under 42 U.S.C. § 1983, to the extent any were properly presented in her Complaint, were dismissed on January 30, 2014, due to the Defendants' sovereign immunity.  (Memorandum and Order, Filing No. 7.)

## Title VII and NFEPA Claims

Because Vacek has presented no direct evidence of discrimination, her Title VII claim must be evaluated under the burden-shifting framework of *McDonnell Douglas Corp. v. Green,* 411 U.S. 792 (1973).  To establish a *prima facie* case of discrimination under the *McDonnell Douglas* framework, "a plaintiff must show (1) he is a member of a protected class, (2) he met his employer's legitimate expectations, (3) he suffered an adverse

---

[2] Age is not a protected class under Title VII or NFEPA.  Further, Vacek states that she was born on October 31, 1973, and was *under* age forty at the time of her termination.  (Complaint, Filing No. 1-1 ¶1.)  Accordingly, she also falls outside the protected age class under federal and state Age Discrimination in Employment Acts, 29 U.S.C. § 631(a) and Neb. Rev. Stat. § 48-1003(1) (Reissue 2010).

6

employment action, and (4) the circumstances give rise to an inference of discrimination." *Pye v. Nu Aire, Inc.*, 641 F.3d 1011, 1019 (8th Cir. 2011). Once the *prima facie* case is established, the burden of production shifts to the employer to articulate a legitimate, nondiscriminatory reason for its action. *Floyd-Gimon v. Univ. of Ark. for Med. Sciences ex rel. Bd. of Trustees of Univ. Of Ark.*, 716 F.3d 1141, 1149 (8th Cir. 2013). If the defendant does so, the plaintiff then has the burden of proving that the defendant's proffered reason is a pretext for discrimination. *Id*.

The Court will assume, without deciding, that Vacek can prove all four elements of a *prima facie* case of discrimination. The burden then is on the Defendants to come forward with a legitimate, non-discriminatory reason for her termination, and they have done so. Because the Defendants met their burden of coming forward with legitimate, non-discriminatory reasons for Vacek's termination, it is her burden to demonstrate that their proffered reasons for terminating her were a pretext for sex discrimination. "A reason cannot be proved to be pretext for *discrimination* unless it is shown *both* that the reason was false, *and* that discrimination was the real reason." *Bone v. G4S Youth Servs., LLC*, 686 F.3d 948, 955 (8th Cir. 2012) (quoting *St. Mary's Honor Ctr. v. Hicks*, 509 U.S. 502, 515 (1993)) (internal quotation marks omitted). Vacek cannot meet that burden simply by showing that the termination lacked fundamental fairness or due process.[3]

---

[3] In *Evance,* a nurse was terminated from her job at a nursing home due to allegations of inappropriate contact with a patient. She sued her former employer under Title VII, alleging discrimination on the basis of her sex and religion, and she complained that her accusers were not credible and the employer's investigation was not thorough. Upholding the district court's grant of summary judgment for the defendants, the Eighth Circuit stated, "We are not a super-personnel department with the power to second-guess employers' business decisions." 719 F.3d at 678 (quoting *Russell v. TG Mo. Corp.*, 340 F.3d 735, 746 (8th Cir. 2003)) (internal quotation marks

Vacek must pass a "rigorous" test, showing that she was "similarly situated in all relevant respects" to male employees who were treated more favorably.  *Evance v. Trumann Health Services, LLC*, 719 F.3d 673, 678 (8th Cir. 2013). "'[T]he individuals used for comparison must have dealt with the same supervisor, have been subject to the same standards, and engaged in the same conduct without any mitigating or distinguishing circumstances.'" *Id*. (quoting *Bone*, 686 F.3d. at 956).[4]

Vacek has come forward with no evidence that the Defendants treated similarly situated male employees any better than they treated her.  There is no evidence that male employees accused of similar misconduct received lesser forms of discipline.  As in *Evance*, Vacek "does not provide any evidence that any other employees who were not [female] were accused of the exact or similar behavior as [she] was." *Id*. at 678.  NFEPA at Neb. Rev. Stat. § 48-1104 provides:

> It shall be an unlawful employment practice for an employer: (1) to fail or refuse to hire, to discharge, or to harass any individual, or otherwise to discriminate against any individual with respect to compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, disability, marital status, or national origin.
> .
> "In construing the NFEPA, Nebraska courts have looked to federal decisions,

---

omitted).

[4]  The Eighth Circuit acknowledges "two lines of cases on the standard to determine whether employees are similarly situated at the prima facie stage of the *McDonnell Douglas* test." *Pye*, 641 F.3d at 1019 (quoting *Wimbley v. Cashion*, 588 F.3d 959, 962 (8th Cir. 2009)) (internal quotation marks omitted).  "One line sets a 'low threshold,' requiring only that the employees are 'involved in or accused of the same or similar conduct and are disciplined in different ways.'  The other line more rigorously requires that the employees be 'similarly situated in all respects.'" *Id.*  Under either standard, Vacek has failed to come forward with similarly situated male employees who were treated less favorably.

8

because the NFEPA is patterned after Title VII[.]"  *Orr v. Wal-Mart Stores, Inc.,* 297 F.3d

720, 723 (8th Cir. 2002) (citing *Father Flanagan's Boys' Home v. Agnew*, 590 N.W.2d 688,

693 (Neb. 1999); *IBP, Inc. v. Sands*, 563 N.W.2d 353, 357-59 (Neb. 1997)).  Vacek's claim

asserted under NFEPA fails for the same reasons her Title VII claim fails.

## Contract Claims

In Vacek's "Response & Resistance to Defendants' Motion for Summary Judgment"[5]

her counsel states, "Plaintiff believes that if allowed to conduct proper discovery, she can

demonstrate sufficient evidence that there will be controverted issues to be resolved by the

trier of fact[.]" (Filing No. 26 ¶12.)  In Vacek's affidavit in resistance to the Defendants'

Motion for Summary Judgment, she states: "My attorney has not had ample opportunity

to develop certain evidence on my behalf and I believe I may be unfairly deprived in my

right to jury determination of issues by the filing of this Summary Judgment by defendants."

(Filing No. 27-3 at ECF 3 ¶15.)

Vacek has not met her burden of producing specific facts demonstrating "'a genuine

issue of material fact' such that [her] claim should proceed to trial."  *Nitro Distrib.*, 565 F.3d

at 422 (quoting *Matsushita,* 475 U.S. at 586).  This Court finds that the record taken as a

whole could not lead a rational trier of fact to find for Vacek, there is no genuine issue for

---

[5] NECivR 7.1(b)(1) provides: "The party opposing a motion must not file an 'answer,' 'opposition,' 'objection,' or 'response,' or any similarly titled responsive filing. Rather, the party must file a brief that concisely states the reasons for opposing the motion and cites to supporting authority."

9

trial on Vacek's contract claims, and summary judgment on those contract claims is warranted.

## CONCLUSION

Because Vacek has not met her burden of demonstrating that the Defendants' legitimate, non-discriminatory reasons for terminating her employment were pretext for discrimination on the basis of her sex, the Defendants' Motion for Summary Judgment on Vacek's Title VII claim will be granted.  Because Vacek has not come forward with admissible evidence demonstrating any genuine issues of material fact as to the existence of an oral or written contract breached by the Defendants, the Defendants' Motion for Summary Judgment on Vacek's contract claim also will be granted.

Accordingly,

IT IS ORDERED:

1. Defendants' Motion for Summary Judgment (Filing No. 23) is granted;

2. Defendants' Motion to Strike (Filing No. 29) is denied as moot;

3. Defendants' Motion in Limine (Filing No. 33) is denied as moot;

4. Plaintiff's claims will be dismissed, with prejudice; and

5. A separate Judgment will be entered.

DATED this 18th day of November, 2014.

BY THE COURT:


s/Laurie Smith Camp
Chief United States District Judge